## PETTEGROVE v. DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES
Case No. 78 4668 CA (L) 01 B
Fifteenth Judicial Circuit, Palm Beach County
May 11, 1981

Richard W. Springer, for plaintiff.

Basil S. Diamond, for defendant.

JOHN D. WESSEL, Circuit Judge.

THIS CAUSE came to Court on the Motion of the Defendant, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Division of Youth Services, State of Florida, for Summary Judgment (Docket Entry #65), on the ground that the Plaintiff's complained-of acts are prescribed as discretionary functions of the State and not subject to liability as provided by 768.28 F.S. as sovereign immunity which the plaintiffs maintain was waived.

The sole issue raised by the movant (Defendant) is whether their complaint establishes a waiver of sovereign immunity. The question is easier to ask than to answer.

The complaint states the Plaintiffs had two minor children attending a public school in Palm Beach County, when the Defendant, through its agent, took them into custody pursuant to Chapter 39 F.S. The complaint goes on to say summarily that these minor plaintiffs were taken into custody unlawfully by a caseworker and amounts to false

---

imprisonment of the plaintiff minor children. Count II alleges against the Defendant a claim for malicious prosecution in the Defendant bringing an action in the Juvenile Division of Circuit Court against them under Chapter 39, F.S.

The Plaintiffs claim that sovereign immunity statute by the act of government is waived. If sovereign immunity is waived, the Defendant's Motion for Summary Judgment must fail.

Any consideration of the issue of waiver of sovereign immunity must start with *Commercial Carrier Corp. v. Indian River County,* 371 So. 2d. 1010 (Sup.Ct.1979), where Justice Sundberg, departing from traditional notion of "general-special duty test" and "governmental-proprietary test" adopted for the Court the California test,[1] and enunciated a policy consideration test where the Court stated:

> "So we, too. hold that although section 768.28 evinces the intent of our legislature to waive sovereign immunity on a broad basis, nevertheless, certain "discretionary" governmental functions remain immune from tort liability. This is so because certain functions of coordinate branches of government may not be subjected to scrutiny by judge or jury as to the wisdom of their performance. In order to identify those functions we adopt the analysis of *Johnson v. State, supra* which distinguishes between the "planning" and "operational" levels of decision-making by governmental agencies. In pursuance of this case-by-case method of proceeding, we recommend utilization of the preliminary test iterated in *Evangelical United Brethern Church v. State, supra,* as useful tool for analysis."

The standard referred to in *Evangelical United Brethern Church v. State,* 67 Wash. 2d 246, 407 P. 2d 444(1965), that was adopted in *Commercial Carrier Corp. v. Indian River County, supra,* is,

1) Does the challenged act, omission or decision necessarily involve a basic governmental policy, program or objective?

2) Is the questoned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective?

3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved?

---

[1]*Johnson v. State,* 69 Cal.2d 782, 73 Cal. Rptr.240, 447 P. 2d 352 (1968)

4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission or decision?

Various Courts have concluded by the use of this standard various results.

In *Weston v. State,* 373 So. 2d 701 (1st DCA 1979), the trial Court dismissed a complaint filed against the state for licious prosecution and false imprisonment (like in Count II of the instant complaint) on the part of the state attorney. The Court concluded the action by the state attorney qualifies as a discretionary governmental function which the sovereign immunity statute does not waive by answering the *Commercial Carrier* test question affirmatively and concluding that,

> "It is necessary to the judicial process in the enforcement of the criminal laws of the State that the State Attorney be free from any apprehension that he or she may subject the state to liability for acts performed in the exercise of the discretionary duties of the office. Such acts require the exercise of basic policy evaluation, judgment and expertise in determining whether or not a charge should be made for violation of the state's criminal laws. A curb upon the exercise of such judgment by the state attorney would have a crippling effect upon the State's ability to prosecute crime." (Pg. 703)

In *Hollis v. School Board of Leon County,* 384 So. 2d 661 (1st DCA 1980), which the Plaintiff herein strongly relies upon, concludes, the School Board and its superintendent are vicariously liable for the acts of the employee bus driver who struck a child in the operation of a school bus, and they waive sovereign immunity. This conclusion which may start out on a "planning level," when completed, implemented and carried into effect, is not immune from tort claims. Accordingly, they reversed the summary judgment granted by the trial court in favor of the defendants.

The same conclusions were drawn in the following situations:

1) Planning and subsequently operating traffic signals and stop signs. *Wojtan v. Hernando Co.* 379 So. 2d 198 (5th DCA 1980).

2) Planning and subsequently operating drainage systems diverting water. *Seabord Coastline Railroad Co. v. United States,* 473 F. 2d 714 (5th Cir. 1973).

3) School ground intersection planning and subsequent operation. *A. L. Lewis Elementary School v. Metropolitan Dade County,* 376 So. 2d 32 (3rd DCA 1979).

4) Planning and subsequently controlling intersection. *Neilson v. Department of Transportation,* 386 So. 2d 296 (2nd DCA 1979).

In each of these cases the Courts concluded that once planning level was completed and it became operational, then the tort immunity was waived even if the operational level was created by the imposition of a statutory duty.

Three interesting and relevant decisions have come from the Fourth District Court of Appeals. In *Relyea v. State,* 385 So. 2d 1378 (4th DCA 1980), the plaintiff sought damages for the death of two coeds at Florida Atlantic University from the State for various acts of alleged negligence of the State University system failing to protect the coeds who were kidnapped and murdered. The Court, applying the *Commercial Carrier* test, found the acts were within the discretionary functions of the State, and likened the state university to a small city that performs all kinds of services to its students and the public, and its decisions as to security are discretionary or planning functions and it has not waived sovereign immunity.

Compare *White v. Palm Beach County,* Case No. 80-640, filed March 18, 1981 (4th DCA 1981), where two prisoners claim damages against Palm Beach County while incarcerated in the Palm Beach County jail. The trial Court, presumably relying on *Relyea,* supra, dismissed the complaint with prejudice.

The White Court concludes the County could not have liability for the planning function of the jail, such as failure to build an adequate size jail or failure to build a new jail, because that is part of the planning functions which are protected acts under *Commercial Carrier,* but where the County participated in the function of operating the jail and where this is in the allegata stage a cause of action against the County is sustainable.

Substantially, it would appear that *Relyea,* supra cannot be reconciled however procedurally the cases are distinguishable at the stage of the proceedings, i.e. *Relyea* on motion for a directed verdict versus *White* on a Motion to Dismiss.

A later case from the 4th District Court of Appeals is *Payne v. Palm Beach County,* Case No. 79 1601, filed April 1, 1981, on an adverse summary judgment ruling, where two automobile passengers died from

8

drowning in a canal on their contention that the County was negligent when it failed to warn motorists of the end of a road. The Court, through Judge Moore, concludes that once having put traffic signs in place there was no duty on the operational level for additional signs, and the existing signs being on the planning leve, there could be no liability to Palm Beach County under *Commercial Carrier.*

In the instant case the allegation of the complaint merely states that pursuant to Chapter 39 of Florida Statutes those acts of the defendant were unlawful and unreasonable. Chapter 39 provides a comprehensive scheme of protection, correction and punishment for juvenile offenders, *State v. Cain,* 381 So. 2d 1381 (S.C. 1980) which should be allowed to operate. The role implementation of the Department of Health and Rehabilitative Services is to effectuate its policy and to curb the juvenile excesses for societal benefit. Accordingly, like sovereign immunity in *Weston,* supra, the consequences under the *Commercial Carrier* test four questions are answered affirmatively, and accordingly, the Defendant's Motion for Summary Judgment is GRANTED. It is

ORDERED AND ADJUDGED:

1)  The Defendant's, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF YOUTH SERVICES, Motion for Summary Judgment is granted, and the Plaintiff's action is dismissed with prejudice.