411 So.2d 940 (1982)
The SCHOOL BOARD OF PALM BEACH COUNTY, Appellant,
v.
William J. ANDERSON, Appellee.
No. 80-541.
District Court of Appeal of Florida, Fourth District.
March 24, 1982.
*941 Clifford I. Hertz, West Palm Beach, for appellant.
Richard A. Henry of Sims & Henry, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a final judgment entered in conformance with a jury verdict in a wrongful death action brought by appellee, the deceased's father. Appellee sought recovery for appellant's negligence in failing to protect the deceased on its premises from criminal attack by a third person. At the conclusion of appellee's case in chief, appellant moved for a directed verdict, alleging the evidence on an essential element of the case was lacking. At the close of all the evidence, appellant renewed its motion. The jury returned a verdict in favor of appellee, and appellant sought to set it aside and have the judgment entered in its favor in accordance with its motion for a directed verdict. The trial court denied the motions. Finding no error, we affirm.
In May of 1976 two former students of Palm Beach Gardens High School, Brian Anderson, a white, and Gregory Ransom, a black, went to the school during lunchtime. Anderson was in the parking lot talking with a group of his friends when Ransom approached him. An altercation ensued, resulting in Ransom going to the trunk of his car, removing a handgun, and returning to where Anderson and the others were standing. Ransom fired three shots, inducing Anderson to reach in his car for a soda pop bottle. Ransom fired again, fatally wounding Anderson. An off-duty custodian was the only school official on campus at the time of the shooting. Adequate school supervision, according to appellee, could have prevented the occurrence.
At trial appellant made motions for a directed verdict and a post-trial motion in accordance therewith, all of which were denied. Appellant argues the motions should have been granted because there was no evidence that it knew of a dangerous condition or could have known of one by the use of reasonable care.
Undoubtedly, appellant owed to the deceased, who admittedly was an invitee,[1] the duty of keeping the premises in a reasonably safe condition and of guarding against dangerous circumstances of which it was cognizant or might reasonably have foreseen. McNulty v. Hurley, 97 So.2d 185, 187 (Fla. 1957). This court's opinion in Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), represents the current law on a landowner's responsibility to protect an invitee from criminal attack:
As a basic principle of law, a property owner has no duty to protect one on his premises from criminal attack by a third person... . Even though one's negligence may be a cause in fact of another's loss, he will not be liable if an independent, intervening and unforeseeable criminal act also causes the loss.... If, however, the criminal attack is reasonably foreseeable, a duty may arise between a landowner and his invitee. But it must be borne in mind that a landowner is not an insurer of the safety of his invitees and is not required to take precautions *942 against a sudden attack from a third person which he has no reason to anticipate... .
In order to impose a duty upon a landowner to protect an invitee from criminal acts of a third person a plaintiff, invitee, must allege and prove that the landowner had actual or constructive knowledge of prior, similar criminal acts committed upon invitees. The landowner is not bound to anticipate criminal activities of third persons where, as here, the wrongdoers were complete strangers to the landowner and to the victims, and where the incident occurred precipitously.
Id. at 1382-83 (citations omitted). In Relyea we relied on the absence of proof that any prior assaults had been committed in the area where the murder of the victims took place to affirm the final judgment in favor of the appellee insurance company. The trial court properly entered judgment because appellants failed to prove a duty to protect.
The record in the present case, unlike the one in Relyea, reflects a history of serious crime on the school campus. The prior incidents involved an attempted robbery of and a battery on a white student by two blacks in the school parking lot on October 22, 1975, an assault with a knife in the loading zone on November 19, 1975, an on-campus threat with a knife by a nonstudent directed toward a student on March 3, 1976, and an attack upon a student by four nonstudents in front of the school on May 11, 1976. Witnesses also testified about other fights and riots between blacks and whites.
Given the history of racial[2] incidents, there was sufficient evidence to raise a jury question of notice of prior, similar attacks upon invitees. Accordingly, we affirm the trial court's denial of appellant's motions.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] Anderson, a nonstudent, was on campus to get his records.
[2] The fact that several of the previous incidents may have been precipitated by racial overtones does not mean that appellee would not have prevailed had the participants here been members of the same race. Our reference to different races in some of the earlier altercations was for the sole purpose of demonstrating not just that appellant was or should have been on notice as to previous disputes, but also that the problem may have been more acute because the disputes may have been racially motivated and not solely the product of adolescence.