## SMITH v. ROE, et al.

Case No. 84-1688 CA (L)

Fifteenth Judicial Circuit, Palm Beach County

March 1, 1985

### APPEARANCES OF COUNSEL

**Terry N. Freeman** for plaintiff.

**Abbey G. Hairston** and **John J. Bulfin** for defendant, School Board.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court on the Defendant's SCHOOL BOARD OF PALM BEACH COUNTY, Motion for Summary Judgment, and the Court having read the depositions of KEVIN RYAN, GARLAND SMITH, JR. and I. EARL HAWK, having studied the case law supplied by the parties, having heard the argument of counsel and being otherwise fully advised in the premises, finds as follows:

1. This action presents a case where three high school students, defendants in this action, assaulted the Plaintiff, another high school student, in a parking lot area of the school. Plaintiff contends that the

Defendant SCHOOL BOARD was careless and negligent based on the following allegations:

(a) That the Defendant, SCHOOL BOARD negligently maintained and supervised the school grounds, including the parking lot area, where the accident (fight) occurred in spite of previous altercations and attacks of a similar nature;

(b) Negligently failed to have teachers and/or security guards and/or other personnel supervising and patrolling the school grounds during school hours, including the parking lot area where the accident occurred in order to prevent disburances of this nature;

(c) Negligently failed to suspend and/or discipline and/or otherwise control one of the other defendants who had a prior history of misconduct and attacks of a similar nature; and

(d) Negligently failed to otherwise supervise student conduct on or about the school grounds at the time of the accident.

2. These allegations can be divided into two separate issues. The first is that the Defendant SCHOOL BOARD failed to take action to control or discipline one of the other defendants and the second is whether the Defendant SCHOOL BOARD had actual or constructive knowledge based on previous similar occurrences that would give cause to the foreseeability of the instant assault upon the Plaintiff.

3. The question of whether the SCHOOL BOARD should have suspended or disciplined or otherwise asserted control over Defendant MARK ROE falls within the discretionary function of the SCHOOL BOARD, and its employees, thus soverign immunity attaches precluding liability. *Relyea v. State*, 385 So.2d 1378 (Fla. 4th DCA 1980).

4. Turning to the second issue, taking all of the facts in a light most favorable to the Plaintiff, the Court can discern a slight factual basis which might give rise to the foreseeability of the assault which occurred in this action. Accordingly, the SCHOOL BOARD may have had duty to do any more than they had done to prevent the independent intervening act of the other Defendants. This is a sufficient question of fact to survive a motion for summary judgment.

It is thereupon

ORDERED AND ADJUDGED that Defendant's SCHOOL BOARD Motion for Summary Judgment is granted to the extent that it is not liable for any action or inaction regarding the suspension, discipline or control over Defendant MARK ROE. It is further

ORDERED AND ADJUDGED that in all other respects, the Motion for Summary Judgment is denied.