BARKDULL, Judge,
dissenting.
The City of Opa-Locka seeks, in effect, to hold Coral Gables Federal Savings & Loan Association (CGS & L) liable for loss of monies embezzled by an employee of the city. CGS & L’s liability is predicated upon certain alleged negligent banking practices committed by CGS & L. The majority opinion sanctions such a result. I disagree.
Even if CGS & L was negligent, an independent, intervening, and unforeseeable criminal act is a superseding cause which serves to exonerate an original tort-feasor of liability. Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980); Gulfstar, Inc. v. Advance Mortgage Corp., 376 So.2d 243 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 633 (Fla.1980). It is my view, that under the facts of the case sub judice, the alleged acts of the appellee’s finance director were not foreseeable by the bank and therefore, the bank should be exonerated from liability. The effect of the majority opinion is to make the bank an insurer of an account in the event of an “exotic” embezzlement such as in the instant case.