Cathleen MEYERS, Plaintiff–Appellant,

v.

RAMADA HOTEL OPERATING COMPANY, INC., a Corporation, Tolbert Enterprises, Inc., Defendants–Appellees.

No. 87–3224.

United States Court of Appeals, Eleventh Circuit.

Dec. 15, 1987.

**1522**

R. Larry Morris, Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Fla., Stephen D. Heninger, Hare, Wynn, Newell & Newton, Birmingham, Ala., for plaintiff-appellant.

Donald H. Partington, Michael Perkins, Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, Fla., for defendants-appellees.

Before FAY and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

The district court ruled that the appellant failed to show a genuine issue of material fact on the issue of whether her attack at a hotel was foreseeable. Finding that a genuine issue of material fact was shown, we reverse for a jury trial.

Cathleen Meyers, the appellant, and a friend rented a room at the Ramada Inn at Ft. Walton Beach, Florida. Meyers had previously stayed at the hotel on several occasions and considered it the place to go because of its popularity with young people. The room was on the fifth floor of a six story building, known as the tower, which consisted of 194 rooms.

On August 20, 1983, at about 2:00 a.m., Meyers took an elevator from the ground floor up to the fifth floor to the hotel room to retrieve her driver's license, while her friend waited in an automobile in the parking garage. In the elevator on the way up, a man asked Meyers if he could use her restroom; she said, "No!" When the elevator doors opened on the fifth floor, Meyers went toward her room. The man initially walked in the opposite direction, but then turned around and just as Meyers was opening her door, forced his way into the room. He raped her. After a time, the man left the room. Meyers went to another room where the occupants called security and accompanied Meyers back to her room.

The Ramada Inn had employed security guards for about ten years, mainly to control noise and keep trespassers from using the pool. During the time period of this incident (2 a.m.), three security guards were on duty. One guard, Lieutenant Ashmore, patrolled the main hotel building (tower) and the pool; the other two guards patrolled the remainder of the premises. Ashmore routinely checked the building every thirty to forty minutes by riding the elevator to the top of the building, walking down each hall, then taking the stairs down to the next floor until the entire building had been patrolled. When Ashmore received notice of this attack, he had just completed a check of the building and had walked around to the back of the building to the boardwalk area. Upon receiving a

call from the motel's front desk reporting this incident, Ashmore went to the fifth floor, spoke with Meyers about the attack, and stationed the other two guards around the outside of the tower to watch for anyone who might run out. Although Ashmore again went through the building checking each floor and its stairwells, the assailant was never located or identified.

Tolbert Enterprises, owned the hotel and operated it as a Ramada Inn under a franchise agreement with Ramada Inns, Inc.

Meyers sued Ramada Hotel Operating Company, Inc., et al, (Ramada), for negligence for allowing her to be criminally attacked as she entered her room. The district court granted Ramada's motion for summary judgment on the grounds that it owed no duty to Meyers because the attack was unforeseeable.

In order to establish foreseeability and duty, Meyers produced evidence that the hotel night clerk had been robbed in 1969; within the seventeen months preceding the attack on Meyers, law enforcement officers charged a person on the premises with resisting arrest with force; and law enforcement officers also arrested five men for the attempted sale of 2.2 pounds of cocaine for $58,000 (one of the men carried a loaded 38 caliber revolver). Records from law enforcement agencies showed several arrests in the hotel for trespassing and drug possession. Two miles from the Ramada Inn, at another hotel, and within seventeen months of this incident, a man had kidnapped a woman at knife point and committed sexual battery against her. Records also showed numerous arrests for drug and alcohol related offenses (none involving physical violence) at a park immediately adjacent to the Ramada Inn. Arrests had also been made for lewd conduct by an adult towards a minor female child and between males, all within a couple of miles of the Ramada Inn.

The hotel contained three bars with live bands, including one bar and discotheque on the top floor, one floor above Meyers's room. The bars attracted outsiders to the hotel, and the top-floor bar required use of the elevators or stair wells, each of which allowed access to all floors of the hotel. Fred Tolbert, the franchise owner, had received reports that some of the cocktail waitresses believed a man was hanging around the bar at closing time and that the waitresses were afraid.

## DISCUSSION

Meyers contends the district court erred in granting summary judgment because the evidence, particularly of crimes in and around the Ramada Inn, raised a genuine issue of material fact as to the foreseeability of the attack. This contention constitutes the sole issue in this case.

On this appeal of the district court's entry of summary judgment, we take the facts in the light most favorable to the non-moving party, Meyers. *Morrison v. Washington County, Alabama*, 700 F.2d 678, 682 (11th Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 864, 78 L.Ed.2d 171 (1983).

 Meyers was a business invitee to whom Ramada owed a duty to guard against dangers of which it should have been aware. *McNulty v. Hurley*, 97 So.2d 185, 187 (Fla.1957); *Steinberg v. Irwin Operating Co.*, 90 So.2d 460, 461 (Fla.1956). This duty extends to reasonably foreseeable criminal acts against the business invitee. *Doe v. United States*, 718 F.2d 1039, 1042 (11th Cir.1983) (applying Florida law). Evidence relevant to foreseeability includes the general likelihood of harm to the invitee, criminal activity in the vicinity, and security measures taken by the owner of the premises. *Stevens v. Jefferson*, 436 So.2d 33, 34 (Fla.1983); *Green Companies v. Divincenzo*, 432 So.2d 86, 88 (Fla.3d DCA 1983).

 The evidence Meyers presented of criminal conduct in the vicinity of the Ramada Inn is, to an extent, relevant to the determination of foreseeability. *Green*, 432 So.2d at 88; *Doe v. United States*, 718 F.2d 1039, 1044 (11th Cir.1983) (statistical

evidence of high crime rate within one mile of post office where a rape took place held admissible). Other evidence relative to foreseeability include compliance of the premises with industry standards, the presence of suspicious individuals around the premises, and the peculiar security problems associated with the hotel, such as the number of bars and the fact that stairwells were apparently not restricted to emergency use only. *See Orlando Executive Park, Inc. v. P.D.R.*, 402 So.2d 442, 447 (Fla.5th DCA 1981), *aff'd*, 433 So.2d 491 (Fla.1983). The landowner's provision of security services may itself serve as evidence of foreseeability of harm. *See Holley v. Mt. Zion Terrace Apartments, Inc.*, 382 So.2d 98, 99–100 (Fla.3d DCA 1980).

■ The evidence introduced by Meyers raises a genuine issue of material fact as to the foreseeability of a criminal attack on business invitees of the Ramada Inn. The question of foreseeability is a prerequisite to the determination of duty and causation.

Ramada relies upon *Doe v. United States*, 718 F.2d 1039 (1983). In *Doe*, this court held that where in a two year period preceding the rape of a woman in a post office lobby "the only incidents reported at the post office with criminal overtones did not involve actual or threatened injury to invitees." *Doe*, 718 F.2d at 1043. The plaintiff in *Doe* introduced evidence of serious crimes committed within a mile of the post office over a two year period. That evidence included 19 rapes, 8 homicides, 176 robberies, and about 560 assaults. The evidence of incidents with criminal overtones occurring on the postal premises included three incidents of juveniles breaking into postal boxes to steal mail, breaking of windows with rocks and BB guns, a juvenile's attempt to steal a bicycle, and the attempted theft of a battery from a postal vehicle.

In *Doe*, this court also considered it significant that in the nineteen year history of the post office, never had a crime been perpetrated against a person, such as an assault, committed on the postal premises or in its immediate vicinity. *Doe* relied primarily upon *Relyea v. State*, 385 So.2d 1378 (Fla.4th DCA 1980). In *Relyea*, the Florida court of appeals held the landowner not liable for a criminal attack on an invitee to the school campus where no physical attack on a person had occurred in the preceding fifteen years. *Relyea*, 385 So.2d at 1383.

In this case, within the seventeen months preceding the assault on Meyers, one man was charged with resisting arrest with force. In another arrest for the attempted sale of 2.2 pounds of cocaine for $58,000, one of the men arrested had a loaded 38 caliber revolver on his person. The evidence also showed that the hotel's night manager had been robbed in 1969. This evidence of criminal incidents involving threats to the safety of persons on the premises is stronger than in *Doe* and in *Relyea*. Also factors which distinguish this case from *Doe* include the fact that sexual and other personal attacks are more likely in a hotel room than in a post office lobby, that alcoholic beverages were served over an extended period of time, and large numbers of people, strangers to each other and to management, were encouraged to congregate in the early morning hours. Therefore, we reverse the district court and remand the case for trial. We note, however, that the district court properly marshalled controlling precedent, but concluded that no duty was shown, as a matter of law. We disagree; on the facts of this case, Meyers created a material fact issue on foreseeability, which determines duty. A jury trial is necessary.

**REVERSED AND REMANDED**