578 So.2d 8 (1991)
The DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COMMUNITY COLLEGE, Appellant,
v.
M.H., a Single Woman, Appellee.
No. 90-861.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Rehearing Denied May 14, 1991.
Solms & Price, and Susan M. Nungesser, Miami, for appellant.
Magill & Lewis, and R. Fred Lewis, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, the District Board of Trustees of Miami Dade Community College [MDCC], appeals an adverse judgment for $325,000.00 in which MDCC was found negligent for providing inadequate security on its campus. We affirm.
MDCC contends that the trial court lacked jurisdiction to try this case and to enter a final judgment because MDCC is immune from suit. MDCC relies on Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), disapproved of by, Avallone v. Board of County Comm'rs of Citrus County, 493 So.2d 1002, 1005 (Fla. 1986), for the proposition that the decision as to how to secure the public's safety at a facility operated by a governmental entity is a planning level decision which is protected from judicial scrutiny. Additionally, MDCC contends that the nature of the incident, a rape, most directly implicates MDCC's function of protecting the public's safety to which a common law duty of care has never attached. On the other hand, the plaintiff contends that Avallone, 493 So.2d at 1005, mandates that while a governmental entity may have discretionary authority to operate or not operate a particular facility, once the government entity decides to operate the facility there is a common law duty to operate the facility safely.
We agree with the plaintiff. MDCC's reliance on Relyea, 385 So.2d at 1378, is misplaced since the Florida Supreme Court in Avallone, 493 So.2d at 1005, stated that it disapproved Relyea. Thus, based on the authority of City of Jacksonville v. Mills, 544 So.2d 190, 192 (Fla. 1989) (city's maintenance of courthouse fell within its property control functions so that slip and fall action was not barred by sovereign immunity), Avallone, 493 So.2d at 1002, Ameijeiras v. Metropolitan Dade County, 534 So.2d 812 (Fla. 3d DCA 1988) (landowner has duty to protect invitee on his premises from a criminal attack which is reasonably foreseeable), review denied, 542 So.2d 1332 (Fla. 1989) and Fernandez v. Miami Jai-Alai, Inc., 454 So.2d 1060 (Fla. 3d DCA 1984) (holding in part that conflicts in the evidence as to whether defendant had knowledge of prior crimes committed on defendant's premises and as to whether defendant negligently trained, deployed, and supervised *9 its security staff are questions of fact for jury) we affirm.
Affirmed.