613 So.2d 1341 (1993)
Cynthia A. GARUFI and Guy Garufi, her husband, Appellants,
v.
SCHOOL BOARD OF HILLSBOROUGH COUNTY, Florida, Appellee.
No. 92-01577.
District Court of Appeal of Florida, Second District.
February 10, 1993.
Diana L. Fuller and David S. Nelson of Smith & Fuller, P.A., Tampa, for appellants.
Daniel H. Sleet of Barr, Murman and Tonelli, P.A., Tampa, for appellee.
HALL, Acting Chief Judge.
The appellants, Cynthia A. and Guy Garufi, challenge the entry of summary judgment in favor of the appellee, the School Board of Hillsborough County, in this negligence action. We reverse.
*1342 In October 1988, Mrs. Garufi went to Ben Hill Junior High School in Tampa with her son, Nicholas, to obtain materials Nicholas would need to study at home while recovering from an injury. Mrs. Garufi was proceeding down a school corridor in pursuit of that mission when, without apparent provocation or warning, Ronald Green, a sixteen-year-old Ben Hill Junior High School student, struck Mrs. Garufi in the mouth with his fist. Mrs. Garufi was severely injured and incurred extensive medical expenses as a result.
Thereafter, Mrs. Garufi, joined by her husband, instituted the instant action against the school board, alleging the school board breached a duty owed to Mrs. Garufi to protect her from known or reasonably foreseeable acts of violence. The Garufies specifically alleged that the school board had knowledge of Ronald Green's violent propensities and failed to take reasonable precautions to protect those on school premises from him.
After a fairly extensive procedural history, the school board filed a motion for summary judgment, arguing it breached no duty to protect Mrs. Garufi because there was no way the school board could have foreseen the actions of Ronald Green  despite his history of disciplinary problems. The school board also argued it had no responsibility to expel Ronald Green for any reason prior to the attack on Mrs. Garufi.
The trial court granted the school board's motion for summary judgment on grounds there was no evidence of prior violence by Ronald Green toward either nonstudents or nonteachers "so as to place the School Board on actual or constructive notice that such an attack upon the Plaintiff was either anticipated or foreseeable." A final order was entered accordingly. At a subsequent hearing on the Garufies' motion for rehearing, the trial court explained that the order granting the school board's motion for summary judgment was predicated on the absence of specific evidence that Ronald Green had ever attacked a parent. The trial court thus entered an order to that effect. The Garufies filed a timely notice of appeal.
It is undisputed that a school board has a duty to supervise its students. Rupp v. Bryant, 417 So.2d 658 (Fla. 1982). Pursuant to that duty to supervise, the school board likewise has a duty to protect its students from assaults by other students. Communtzis v. Pinellas County School Board, 508 So.2d 750 (Fla. 2d DCA 1987). See also T.J. v. State, 538 So.2d 1320 (Fla. 2d DCA 1989). The school board also has a duty to protect teachers and other school personnel from assaults by students and nonstudents alike. §§ 231.06, Fla. Stat. (1987). Similarly, the school board owes invitees on school premises, including nonstudent invitees, the duty of keeping its premises in a reasonably safe condition. That includes protecting nonstudent invitees from the intentional or criminal acts of students, in the event those actions are reasonably foreseeable. School Board of Palm Beach County v. Anderson, 411 So.2d 940 (Fla. 4th DCA 1982).
In the instant case, the record shows Mrs. Garufi was an invitee upon school property. She was there with the knowledge of school board personnel to accomplish a school-related objective  i.e., to obtain books and assignments for her son. The record also shows that Ronald Green had an extensive disciplinary history, which included unprovoked attacks of violence on other students, as well as insubordination, and a general lack of respect for authority. Though there is no evidence in the record indicating that Ronald Green had ever attacked a parent before, there was ample evidence demonstrating that he was extremely volatile and was becoming more difficult, unruly, and violent as time went on. There is also evidence that though he had no reason to attack anyone at the time in question herein  other than the fact he claimed Mrs. Garufi's purse came in contact with his arm when he passed her in the hall  he thought Mrs. Garufi was a teacher or a student and simply decided to strike her.
*1343 We find that there was ample evidence in this record to create a genuine issue of fact as to whether the school board was on notice that because of Ronald Green's violent nature and past actions he was a danger to any person lawfully upon school property and that this danger was foreseeable, creating liability on the school board for injuries resulting from his conduct. The trial court therefore erred in entering a summary judgment.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER and BLUE, JJ., concur.