[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7,  2008
THOMAS K. KAHN
CLERK

No. 08-10493
Non-Argument Calendar

_____

D. C. Docket No. 06-21999-CV-PAS

YANKIEL BANOSMORENO,

Plaintiff-Appellant,

versus

WALGREEN CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Yankiel Banosmoreno appeals the district court's grant

of summary judgment in favor of Defendant-Appellee Walgreen Co.

("Walgreen's"). Banosmoreno alleges that Walgreen's was negligent for failing to protect him from injuries sustained when he was physically assaulted in a Walgreen's store in Homestead, Florida ("Homestead Store"). The district court determined that the attack was unforeseeable as a matter of law.

Banosmoreno met Laura Martinez, a Walgreen's employee, at the Homestead Store. They spoke, although who initiated the conversations and whether it amounted to flirting, while unnecessary to the resolution of this matter, appears to be in dispute. Martinez was dating Lazaro Perez. Subsequently, at a location unconnected to the Homestead Store, Perez confronted Banosmoreno, threatened him with a knife, accused him of "getting involved with" his girlfriend and warned him not to return to the Homestead Store. On March 13, 2006, after the confrontation with Perez, Banosmoreno went to the Homestead Store to develop film. While he waited for his order, Martinez called Perez to inform him that Banosmoreno was in the store. Shortly thereafter, Perez entered the store accompanied by Alejandro Santiago. Former Walgreen's employee Krystal Hernandez, the only identified eyewitness, testified: "[Santiago] walks toward the photo lab, to the cooler, grabs a soda and puts it on the counter, walks by [Banosmoreno] and just punches him unconscious and walks out of the store." As a result of the attack, Banosmoreno was hospitalized for several days, underwent

2

corrective surgery for a severe jaw fracture and continues to experience pain.

We review a district court's grant of summary judgment de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c); Holloman, 443 F.3d at 836.

Under Florida law, a business owes invitees a duty to use due care to maintain its premises in a reasonably safe condition. Stevens v. Jefferson, 436 So. 2d 33, 34 (Fla. 1989). This includes the duty to protect customers from criminal attacks that are reasonably foreseeable. Foster v. Po Folks, Inc., 674 So. 2d 843, 844 (Fla. Dist. Ct. App. 1996); Ameijeiras v. Metropolitan Dade County, 534 So. 2d 812, 813 (Fla. Dist. Ct. App. 1988), rev. denied, 542 So. 2d 1332 (Fla.1989). Foreseeability can be shown by two alternative means. First, a plaintiff may demonstrate that "a proprietor knew or should have known of a dangerous condition on his premises that was likely to cause harm to a patron." Stevens, 36 So. 2d at 34.[1] Second, a plaintiff can show that a "proprietor knew or should have

---

[1] It is unclear under Florida law whether the plaintiff must present evidence of similar criminal conduct at, or in the vicinity of, the premises in order to establish foreseeability. Compare Prieto v. Miami-Dade County, 803 So. 2d 780 (Fla. Dist. Ct. App. 2001) ("[i]n the absence of any record evidence that the County had actual or constructive notice of similar criminal activity at that station, the County cannot be held liable as a matter of law") and Metro.

known of the dangerous propensities of a particular patron." Id. We will address each in turn.

On appeal, Banosmoreno points to the following evidence, supported by expert testimony, to establish that Walgreen's knew or should have known of a dangerous condition on its property. "Evidence relevant to foreseeability includes the general likelihood of harm to the invitee, criminal activity in the vicinity, and security measures taken by the owner of the premises." Meyers v. Ramada Hotel Operating Co., 833 F.2d 1521, 1523 (11th Cir. 1987). The police Offense Incident Reports for the crime grid encompassing the Homestead Store and areas in close proximity to that grid indicate that there have been: 3 armed robberies, 2 aggravated assaults, 7 burglaries, 11 thefts and 2 reports of suspicious persons. The police received 669 calls in the years 2001 to 2004 in the crime grid containing the Homestead Store. Of those calls, 51 listed the address of the

Dade County v. Ivanov, 689 So. 2d 1267, 1268 (Fla. Dist. Ct. App. 1997) (affirming a directed verdict in defendant's favor because the plaintiff "introduced no evidence regarding prior similar criminal activity" at the location of the assault), with Mulhearn v. K-Mart Corp., No. 6:01-cv-523-Orl-31KRS, 2006 WL 2460664, at *2 (M.D. Fla. Aug. 23 2006) ("foreseeability is determined in light of all the circumstances of the case rather than by a rigid application of the mechanical rule requiring evidence of prior similar criminal acts") and Hardy v. Pier 99 Motor Inn, 664 So. 2d 1095, 1098 (Fla. Dist. Ct. App. 1995) (holding that there could be a genuine issue of fact as to foreseeability even if the attack at issue was the first criminal assault on the premises). However, we are able to resolve this case without determining the role of prior similar occurrences. Considering all the evidence, no reasonable jury could find that this attack was foreseeable.

4

Homestead Store. They were categorized as follows: 11 assaults, 3 burglaries, 15 disturbances, 3 hold ups, 18 larcenies and 1 suspicious person. Banosmoreno also claims that two conditions in the store contributed to the foreseeability of an assault. Security cameras were unmonitored and designed solely for theft prevention and employees were not given any training in customer security.

Walgreen's stresses that of the 51 calls pertaining to the Homestead Store only two of the assault calls resulted in police reports. In September of 2004, a disgruntled customer spat on a Walgreen's employee when her prescription was not timely filled. In February of 2003, an angry customer become very loud when her prescription was not filled. She eventually left the store without incident. Furthermore, only two of the robbery calls resulted in police reports. One was for the neighboring pizza parlor. The second report, in March of 2004, revealed that a customer was confronted in the parking lot by acquaintances who sought to recover property allegedly belonging to them. The customer ran into the store whereupon the attackers departed. Finally, Banosmoreno does not point to any evidence of criminal incidents within the fifteen month time period prior to the incident at issue.

Considering all of the evidence, no reasonable jury could find this attack foreseeable. We recognize that several Florida cases have permitted a plaintiff to

get to the jury on the issue of foreseeability on the strength of evidence of calls to the police related to a wide variety of violent and non-violent criminal acts. See, e.g., Hardy v. Pier 99 Motor Inn, 664 So. 2d 1095, 1098 (Fla. Dist. Ct. App. 1995) ("Pier 99's experience with violent and criminal activity on its premises evidenced by the 911 calls, even if less serious than the tragic violence experienced by [the plaintiff] and his friends, creates an issue for the finder of fact regarding notice to Pier 99 of the potential danger and the foreseeability of the instant attack"); Foster v. Po Folks, Inc., 674 So. 2d 843 (Fla. Dist. Ct. App. 1996) (finding that evidence of prior police calls, as well as the dangerous configuration of the parking lot where the incident occurred, created a material issue of fact as to foreseeability). However, we find this case to be distinguishable. This was a personal dispute occurring inside the store in plain view of witnesses. It did not occur in a rowdy bar or darkened parking lot. We have held before that location can play a critical role in the foreseeability of an attack. Meyers v. Ramada Hotel Operating Co., 833 F.2d 1521, 1524 (11th Cir. 1987). Furthermore, the evidence of calls occurred during a period spanning approximately 5 years to 15 months prior to the instant attack. Considering all the circumstances, we fail to see why Walgreen's should have foreseen that continuously monitoring security cameras and providing security training to all employees would have prevented this targeted, personal

assault in the middle of a drug store filled with people. Florida law makes abundantly clear that a proprietor is not an insurer of his patron's safety. <u>Stevens v. Jefferson</u>, 436 So. 2d 33, 34 (Fla. 1989).

Banosmoreno also fails to present any evidence that Walgreen's was aware of the dangerous propensities of Alejandro Santiago. On appeal, Banosmoreno argues only that Walgreen's was aware that Lazaro Perez posed a threat of violence. Perez was not Banosmoreno's assailant.

Therefore, we find that the district court did not err in granting summary judgment in favor of Defendant-Appellee Walgreen's on the grounds that no reasonable jury could find the attack foreseeable. Accordingly, we affirm.

AFFIRMED.[2]

---

[2] Appellant's request for oral argument is DENIED.