398 So.2d 834 (1981)
HIGHLANDS INSURANCE COMPANY, Jack Adler, As Receiver for Galt Ocean Terrace Hotel, d/b/a Galt Ocean Terrace Condominium Apartments, Appellants,
v.
Albert J. GILDAY, Appellee.
No. 79-1805.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
Rehearing Denied June 2, 1981.
*835 Larry Klein, West Palm Beach, for appellants.
Howard L. Conklin, Fort Lauderdale, for appellee.
DOWNEY, Judge.
The defendants, operator and insurer of a condominium-hotel, appeal from a final judgment entered pursuant to a jury verdict awarding plaintiff Albert Gilday $135,000 for injuries he suffered when a stranger assaulted him in the condominium-hotel ground floor public men's room.
Appellee was a business invitee of the Cocktail Lounge located on the ground floor or lobby of the hotel. During the course of the evening he left the lounge and went to the men's room. While in the men's room he was attacked by an unidentified male and beaten and robbed. Appellee sued the hotel and its insurer and received a verdict for $135,000.
Appellants contend that the trial court erred in entering judgment for appellee since appellants could not be held liable upon the evidence adduced because appellee failed to prove that appellants had notice or knowledge of the danger involved and failed to adequately protect against it. Appellants also assert the trial court erred in the admission of evidence for the purpose of proving notice or knowledge.
The owner or operator of a hotel has a duty to exercise reasonable care for the protection of its patrons. Wood v. Camp, 284 So.2d 691 (Fla. 1973); Phillips Petroleum Co. of Bartlesville, Okl. v. Dorn, 292 So.2d 429 (Fla. 4th DCA 1974). However, such owner or operator is not an insurer of the safety of its patrons. Black v. Heininger, 163 So.2d 3 (Fla.2d DCA 1964). Nor is the owner or operator liable for the conduct of another on his premises which causes injury to a business invitee unless the owner or operator has notice of the danger involved and an opportunity to protect against it.
The parties to this appeal seem to be in agreement on the foregoing principles; they disagree on whether the hotel had sufficient notice to require it to furnish security to protect its patrons against an attack such as appellee suffered. Thus, the focal point in this case is: did the appellant hotel have sufficient information to put it on notice of a need for security measures?
The only proof (of any consequence) adduced by appellee on this point was 1) testimony that a former female employee who, upon being dismissed, stated that she would "have people brought down from Chicago to burn all of you," and 2) testimony concerning the number of criminal complaints that had been received in Police Zone 15, which included the hotel property in question. Objection to the admission of such testimony was overruled. In our judgment the reception of the testimony concerning complaints in Police Zone 15 was error, and absent that testimony, the evidence *836 was insufficient to take the case to the jury.
Helen Horn, records supervisor for the Ft. Lauderdale Police department, testified from a computer printout that during the twenty month period preceding the incident in question the police department received complaints of 387 crimes, including assaults, robberies, homicides, and breakings and enterings in Zone 15, an administrative police zone within which appellant's hotel is located. The zone in question runs from Sunrise Boulevard (the equivalent of N.E. 10th Street) to N.E. 42nd Street and from the Atlantic Ocean on the east to the intracoastal waterway on the west. A map of Fort Lauderdale, received into evidence over objection, indicates Zone 15 is approximately three miles long and one-half mile wide. The printout reflected only complaints and it did not specify the location thereof. However, Ms. Horn, at appellee's request, was able to learn that four of the three hundred and eighty-seven complaints involved the appellant hotel, viz., (1) the incident involving appellee, (2) the threat made by the disgruntled employee, (3) the loss of a key by one of the appellant hotel's guests, and (4) an alleged breaking and entering on the hotel premises. We hold that this evidence was not probative of this litigation's fundamental question  notice to the appellant hotel that there was a necessity to protect its guests against criminal attacks.
Our conclusion is supported by the following holding in Relyea v. State, 385 So.2d 1378, 1383 (Fla. 4th DCA 1980):
In order to impose a duty upon a landowner to protect an invitee from criminal acts of a third person a plaintiff, invitee, must allege and prove that the landowner had actual or constructive knowledge of prior, similar criminal acts committed upon invitees. The landowner is not bound to anticipate criminal activities of third persons where, as here, the wrongdoers were complete strangers to the landowner and to the victims, and where the incident occurred precipitously. Totten [v. More Oakland Residential House, Inc., 63 Cal. App.3d 538, 134 Cal. Rptr. 29 (1976)]. See also, Shipes v. Piggly-Wiggly St. Andrews, Inc., 238 S.E.2d 167 (S.C. 1977). Appellants simply failed to allege or prove that any prior assaults upon persons had been committed in the area of the abduction and murder, or for that matter, anywhere on the campus. In fact, the proof showed there had not been one serious crime against a person since the school was founded in 1963. The reported incidents involved minor larcenies from automobiles and school buildings, hit and run complaints for minor automobile damage, and miscellaneous incidents such as malicious mischief. These facts do not give rise to the foreseeability of violent assaults which, in turn, may give rise to a duty to protect.
Therefore, we hold the trial court erred in admitting Ms. Horn's testimony into evidence.
Having failed to prove adequate notice to appellants, appellee failed to prove a breach of duty by appellants, and thus the motion for directed verdict at the close of appellee's case should have been granted.
REVERSED AND REMANDED with instructions to enter judgment for the appellants.
LETTS, C.J., and GEIGER, DWIGHT L., Associate Judge, concur.