395 So.2d 599 (1981)
WINN-DIXIE STORES, INC., a Florida Corporation, Appellant,
v.
Carmen JOHSTONEAUX and R.B. Johstoneaux, Appellees.
No. 80-1092.
District Court of Appeal of Florida, Third District.
March 24, 1981.
Vernis, Bowling, West, Montalto & Goodman and R. David Donlin, Miami, for appellant.
Richard E. Doherty, Miami, for appellees.
Before HENDRY, SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
Mrs. Johstoneaux was robbed and seriously injured by an unknown assailant as she was entering a Winn-Dixie supermarket[1] from the common parking lot of the shopping center where it was located in a "high crime" area of North Miami.[2] She and her husband won a jury verdict and judgment against Winn-Dixie on the theory that it had breached the duty of reasonable care it owes its invitees by failing to provide a guard[3] or other security to protect *600 her from such criminal assaults. Because of the extensive evidence concerning the immediate past history of many similar occurrences in the vicinity, and thus of their future foreseeability, we reject Winn-Dixie's contention that it was entitled to a directed verdict in its favor below. Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980); Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla. 3d DCA 1978).[4]
Affirmed.
HENDRY, J., dissents.
NOTES
[1] There is no question of the defendant's duty at the location where the injury took place. See, Shields v. Food Fair Stores of Florida, Inc., 106 So.2d 90 (Fla. 3d DCA 1958), cert. denied, 109 So.2d 168 (Fla. 1959).
[2] It was described as such by a policeman who patrolled the locality.
[3] Although the store had a guard on duty during the evening hours, the incident in question occurred at around 11:00 a.m. when none was present. It was clearly a jury question as to whether reasonable care required that the precautions sometimes taken, and thus impliedly acknowledged as necessary by the store, should have always been in effect. See, Marks v. Delcastillo, 386 So.2d 1259, 1263-64, n. 8 (Fla. 3d DCA 1980), review den., 397 So.2d 778 (Fla. 1981); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980).
[4] We have not implied either in the cited cases or in this one that when criminal activity is foreseeable it is invariably a jury question as to whether the duty of reasonable care has been discharged. In the case of a mom-and-pop store with one or two employees, for example, it might be unreasonable as a matter of law to require that a full-time guard be posted. In contrast, however, the present defendant and situation, see note 3, supra, bring the case within the field of purely jury competence.