405 So.2d 485 (1981)
Virgilio MEDINA and Digna Medina, His Wife, Appellants,
v.
187TH STREET APARTMENTS, LTD., Max Cogen and Carib Management, Appellees.
No. 80-1450.
District Court of Appeal of Florida, Third District.
November 3, 1981.
DeMeo & Sherman and Thomas G. Sherman, Miami, for appellants.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellees.
Before BARKDULL, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This is an appeal from the entry of a directed verdict in favor of the defendants who owned and operated an apartment complex wherein the plaintiff was criminally assaulted in the parking lot. We find that there was a triable issue of fact as to *486 the defendants' duty to protect the plaintiff from criminal acts. Accordingly, we reverse.
Plaintiff, Virgilio Medina, was mugged in the defendants' parking lot. When the assault occurred, he was returning to his car after escorting two young ladies who lived in the apartment complex home from church services. Plaintiff commenced the action against the defendants alleging that they were negligent by their failure to: (1) warn persons lawfully on the premises of the danger of criminal assaults; (2) take reasonable measures to provide safe ingress and egress; (3) limit access to the parking lot; and (4) provide security protection to invitees within the complex. At trial, the apartment complex manager indicated that he had actual knowledge that persons had been mugged in the complex. A police officer testified that due to domestic disputes, juvenile disturbances, and breaking and entering of apartments, he would classify the apartment as a high crime area. At the close of the plaintiff's case, a motion for directed verdict was granted.
In reviewing the propriety of a directed verdict, all conflicts are to be resolved in the plaintiff's favor and all reasonable inferences from the evidence are to be taken in the light most favorable to the plaintiff. Balart v. Michel's Kartway, Inc., 364 So.2d 90 (Fla.3d D.C.A. 1978); Homan v. County of Dade, 248 So.2d 235 (Fla.3d DCA 1971). Where there is any evidence to justify a possible verdict for the non-moving party, even if a preponderance of the evidence favors the movant, a directed verdict is an encroachment on the province of the jury. Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla.3d DCA 1979). Our review of the record in light of these standards reveals that a directed verdict was improper.
In an extensive analysis of the duty of a landowner to one on his property, the court, in Wood v. Camp, 284 So.2d 691 (Fla. 1973) stated:
It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge, as in other cases in this respect; other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instructions.
284 So.2d at 696.
When it is a question for the judge or the jury depends on whether the facts of the particular issue are in dispute. Where, as here, the facts relevant to the plaintiff's status are undisputed (he entered the premises to escort two tenants back to their apartment), it was within the judge's province to make such a determination.
In that regard, we find that the trial judge's conclusion that the plaintiff was an invitee was correct in light of the guidelines set out in Woods, supra. See also, Manassa v. New Hampshire Insurance Company, 332 So.2d 34 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 951 (Fla. 1977).
The duty of care owed by a landowner to an invitee with respect to protection from criminal acts of a third person is dependent upon the foreseeability of that third party's activity. Relyea v. State, 385 So.2d 1378 (Fla.4th DCA 1980). In Relyea, the court stated:
In order to impose a duty upon a landowner to protect an invitee from criminal acts of a third person a plaintiff, invitee, must allege and prove that the landowner had actual or constructive knowledge of prior, similar criminal acts committed upon invitees.
385 So.2d at 1383.
In Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla.3d DCA 1980), we recognized that the violent acts of a third person may not be foreseeable. However, in this case, where the facts are in dispute as to the previous criminal activities in the complex and the knowledge of these activities on the part of the defendant, foreseeability is a question for the jury to determine.[1] *487 See, Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla.3d DCA 1980).
Since we find that there is a triable issue of fact with respect to the duty of the landowner, the judgment appealed from is reversed with directions to grant the plaintiff a new trial.
NOTES
[1] Nothing we have said in this opinion should be construed as contradicting Winn-Dixie Stores, Inc. v. Johstoneaux, 395 So.2d 599 (Fla.3d DCA 1981) at n. 4 where this court stated that foreseeability is not invariably a jury question. While there may be instances in which as a matter of law the duty of care has been discharged, this case does not fall within that category. The facts necessary to determine foreseeability are in dispute and must be resolved by a jury.