DANIEL S. PEARSON, Judge.
We reverse the final judgment for the defendant, State Farm Mutual Automobile Insurance Company, notwithstanding a jury verdict for the plaintiff,[1] Marianne Ded-mon, finding that as of January 6,1979, the date of the accident causing damage to Dedmon’s vehicle, State Farm’s policy insuring Dedmon against damage to her vehicle was in full force and effect.
Dedmon’s testimony that at her meeting with State Farm’s agent on January 2, *823 1979, she never discussed immediate cancellation of the policy, that the “information she was given” by the agent was that the form Dedmon was signing was to confirm the understanding that the policy would be cancelled as of January 30, 1979, to which date premiums had been paid, unless extended by the payment of an additional premium before then, viewed most favorably to her, see, e.g., Pedrajo v. Sloane, 405 So.2d 1058 (Fla. 3d DCA 1981); Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Tiny’s Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1978), was sufficient to raise a jury question whether Ded-mon’s signing of this “change request” form created a valid unilateral contract cancel-ling her policy of insurance. The permissible inference which could be drawn from this testimony, if believed, is that Dedmon signed the document which purported to immediately cancel her policy under a mistake of fact caused by, or known to, State Farm’s agent and that, therefore, no binding cancellation occurred. See Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla.1977)[2]; Coleman v. Holecek, 542 F.2d 532 (10th Cir. 1976); Chandler v. Aero Mayflower Transit Company, 374 F.2d 129 (4th Cir. 1967).
Since the jury, as was its right, found that Dedmon’s policy of insurance had not been cancelled by her signing of the “change request” form and was in full force and effect on the date of the accident, we reverse the judgment notwithstanding the verdict and the ensuing cost judgment with directions that judgment be entered for Dedmon on the jury’s verdict in the amount previously agreed upon by the parties, with appropriate interest, and, further, that costs and attorneys’ fees be assessed against State Farm.
Reversed and remanded with directions.

. The parties agree that although the trial court directed a verdict in favor of State Farm before submitting the case to the jury, the effect of thereafter submitting the case to the jury for verdict and entering judgment for State Farm *823 on the “directed verdict” was to enter a judgment n.o.v.

. The Florida Supreme Court consolidated for review Allied Van Lines, Inc. v. McKnab, 331 So.2d 319 (Fla. 2d DCA 1976), and Allied Van Lines, Inc. v. Bratton, 330 So.2d 521 (Fla. 4th DCA 1976). The Court, holding that a party to a written contract cannot defend against its enforcement on the sole ground that he signed it without reading it, quashed the District Court’s opinion in Bratton, but holding that such a contract is voidable where other facts and circumstances reveal, for example, that the signer was misled as to the import of the document, or induced not to read it, affirmed McKnab.