426 So.2d 1054 (1983)
ADMIRAL'S PORT CONDOMINIUM ASSOCIATION, INC., and Lumbermens Mutual Casualty Company, Appellants,
v.
Edna FELDMAN and Harold Feldman, Appellees.
No. 82-179.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Rehearing Denied February 28, 1983.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Bradford A. Thomas, Miami, for appellants.
Carey, Dwyer, Cole, Eckhart & Mason and Michael C. Spring, Miami, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Admiral's Port Condominium Association appeals from a final judgment entered upon a jury verdict finding the Association liable for the breach of a duty to protect Edna Feldman and her husband, Harold, from criminal acts of third persons. We conclude that upon this record no breach was demonstrated and accordingly reverse the judgment and remand for entry of a judgment in favor of the Association.
The essential facts are not in dispute. Mr. and Mrs. Feldman are unit owners in the Admiral's Port Condominium complex. The Association had established security procedures involving ingress and egress to the buildings occupied by the unit owners. Mrs. Feldman was mugged in the northeast parking lot of the complex and sustained certain physical injuries. Prior to the time of the foregoing event no crimes against persons had been reported on Admiral's Port property.
The duty of care owed by a landowner to an invitee with respect to protection from criminal acts of a third person is dependent upon the foreseeability of that third party's activity. Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980).
*1055 The trial court admitted over the defendant's objection evidence of violent crime which had occurred substantial distances away from the premises in the case sub judice. Evidence of similar crimes committed off the premises and against persons other than the landowner's invitees is not probative of foreseeability. Highlands Insurance Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), petition for review denied, 411 So.2d 382 (Fla. 1981).
The appellees here failed to establish any evidence that the Association should reasonably have been on notice to take reasonable steps to guard against crimes against persons on its parking lots, nor have the appellees demonstrated through competent evidence that the Association breached any duty owed the appellees with respect to the security measures that it did employ. See Ten Associates v. McCutchen, 398 So.2d 860 (Fla. 3d DCA), petition for review denied, 411 So.2d 384 (Fla. 1981).
For the foregoing reasons we reverse and remand to the trial court with directions to enter judgment for the defendant association.
Reversed and remanded with directions.