454 So.2d 1060 (1984)
Augustin FERNANDEZ, Appellant,
v.
MIAMI JAI-ALAI, INC. and St. Paul Fire & Marine Insurance Company, Appellee.
No. 83-644.
District Court of Appeal of Florida, Third District.
June 26, 1984.
Rehearing Denied August 10, 1984.
Robey & Pelstring and R. James Pelstring, Stabinski & Funt, Miami, for appellant.
Talburt, Kubicki, Bradley & Draper and Betsy E. Hartley, Miami, for appellee.
Before HUBBART and JORGENSON, JJ., and PEARSON and TILLMAN (Ret.) Associate Judge.
PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiff in accord with the jury verdict returned below in his favor. The trial court's post-verdict orders directing a verdict in favor of the defendants herein or in the alternative granting a new trial were erroneously entered and are hereby set aside.
First, the plaintiff's negligence claim, see Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980), was properly submitted to the jury for consideration. There was a conflict in the evidence at trial as to whether prior crimes of violence had been committed on the defendant's premises. In particular, the testimony of Officer Juan Fernandez indicates that *1061 such crimes had occurred with some frequency on the defendant's business premise parking lots, and that, accordingly, a full security staff had been employed to protect the defendant's business invitees. Moreover, there is a conflict in the evidence at trial as to whether the defendant negligently trained, deployed, and supervised its security staff to protect its business invitees in the parking lot where the plaintiff was assaulted. This being so, the authorities are clear that a directed verdict for the defendants did not lie in this case. See, e.g., Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Fincher Investigative Agency, Inc. v. Scott, 394 So.2d 559 (Fla. 3d DCA), pet. for review denied, 402 So.2d 609 (Fla. 1981); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Doll v. Robbins, 303 So.2d 338 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 762 (Fla. 1975).
Second, the grounds relied on for the new trial order have no merit. The trial court properly admitted evidence concerning crimes having been committed in the immediate vicinity of the defendant's business premises; Green Companies v. Divincenzo, 432 So.2d 86, 88 (Fla. 3d DCA 1983); Winn-Dixie Stores, Inc. v. Johstoneaux, 395 So.2d 599 (Fla. 3d DCA), pet. for review denied, 402 So.2d 614 (Fla. 1981); Compare Admiral's Port Condominium Ass'n v. Feldman, 426 So.2d 1054 (Fla. 3d DCA), pet. for review denied, 434 So.2d 887 (Fla. 1983) (evidence of crimes occurring "substantial distances" away from business premises inadmissible); moreover, the defendants, not the plaintiff, adduced the major portion of this evidence, in any event, and should not, therefore, be heard to complain of its admission. City of Miami Beach v. Klein, 414 So.2d 620 (Fla. 3d DCA 1982); Carvajal v. Adams, 405 So.2d 763 (Fla. 3d DCA 1981), pet. for review denied, 412 So.2d 464 (Fla. 1982); Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1980). The trial court's instructions to the jury were perfectly proper. Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980); Sabatelli v. Omni International Hotels, Inc., 379 So.2d 444 (Fla. 3d DCA 1980); Sparks v. Ober, 192 So.2d 81 (Fla. 3d DCA 1966), and, the plaintiff presented a prima facie case of liability against the defendants on the negligence claim brought below. Orlando Executive Park, Inc. v. Robbins, supra; Green Companies, Inc. v. Divincenzo, supra; Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980).
Reversed and remanded.