471 So.2d 1296 (1985)
Lauri Sue LOMILLO and Santiago Lomillo, Her Husband, Appellants,
v.
HOWARD JOHNSONS COMPANY, Appellee.
No. 84-2486.
District Court of Appeal of Florida, Third District.
June 4, 1985.
Rehearing Denied July 24, 1985.
*1297 Bergman & Jacobs and Richard H. Bergman, North Miami Beach, for appellants.
Spencer & Taylor and W. Thomas Spencer, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The summary judgment for the defendant, which was bottomed on the trial court's ruling that, as a matter of law, a robbery was not foreseeable on the defendant's premises, is reversed upon a holding that the defendant did not conclusively show a lack of foreseeability where the record reflects that there was a substantial non-remote history of similar crimes (a) at the adjacent motel which, although not owned and operated by the entity that owns and operates the defendant-restaurant, bears the same name as the defendant and shares certain services with the defendant and (b) in the immediate vicinity. See Green Companies v. Divincenzo, 432 So.2d 86 (Fla. 3d DCA 1983). Despite appellee's urging to the contrary, this court's statement in Admiral's Port Condominium Ass'n, Inc. v. Feldman, 426 So.2d 1054, 1055 (Fla. 3d DCA), rev. denied, 434 So.2d 887 (Fla. 1983), that "[e]vidence of similar crimes committed off the premises ... is not probative of foreseeability," must be read in the light of the facts of that case, which showed that the past violent crimes had occurred "substantial distances away from the premises." In our view, it is a question of fact whether, even though by a stroke of good fortune a defendant's actual premises had not theretofore been the site of violent crime, the defendant could nonetheless foresee its likelihood based upon the fact that his surrounding and immediate neighbors had a substantial history of being victimized by such crime.
Reversed and remanded.