521 So.2d 234 (1988)
Gloria SALERNO, individually, and as Personal Representative of the Estate of Alice T. Dzikowski Deceased, et al., Appellants,
v.
HART FINANCE CORP., a Florida Corporation d/b/a Western Hills Estates, Appellee.
No. 4-86-1048.
District Court of Appeal of Florida, Fourth District.
February 24, 1988.
Rehearing Denied March 31, 1988.
James C. Blecke, Miami, and Cohen & Cohen, Hollywood, for appellants.
Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Gloria Salerno, individually, and as personal representative of her deceased daughter, Alice and Alice's estranged husband brought this action for the wrongful death of Alice and for injuries suffered individually by Gloria against appellee as owner of a mobile home park. From a judgment entered upon a directed verdict for appellee this appeal was perfected.
Appellee owns and operates a mobile home park known as Western Hills Estates located within the City of Davie in Broward County. The park contains 405 mobile home lots and several recreational areas. All of the streets in the development are publicly dedicated streets within the city and the park is accessible by two public roads. Appellee does not own any property abutting the park and there are no fences, walls or other lines of demarcation between the park and its abutting neighbors. The streets in the park are patrolled by the Davie police as are other streets in the city.
Appellee employs a security guard who is on duty weekday evenings from 6:00 p.m. until 11:00 p.m. and on weekends from 6:00 p.m. until 12:00 a.m. The evidence was conflicting as to whether the guard was uniformed and it appears that he did not use a marked police vehicle, nor was he trained as a security guard. It also appeared that the residents of the park had requested appellee to increase the degree of security protection furnished for the park.
Gloria leased a lot in the park owned by appellee, wherein she resided in a mobile home with her daughter, Alice. Eric Holsworth, who resided in the park with his *235 mother, entered the Salerno mobile home during the night and murdered Alice and injured Gloria. As a result, this suit was commenced to recover for Alice's wrongful death and for injuries sustained by Gloria as a result of the assault upon her. Appellants contend that appellee was negligent in the operation of the mobile home park in that there was inadequate security provided to protect the residents from foreseeable criminal activity and that the management allowed prohibited persons to reside in the park. The trial court reserved ruling on appellee's motions for directed verdict at trial and submitted the case to a jury, which finally announced it could not reach a verdict. Thereafter, the court granted a directed verdict against appellants on all theories of liability and entered judgment for appellee.
The rule in Florida is well established that a landlord has a duty to protect a tenant from reasonably foreseeable criminal conduct. However, in order to impose that duty an injured tenant must prove that the landlord has knowledge of prior similar criminal conduct occurring on the premises. Highlands Insurance Company v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980). While there was no evidence of prior murders in Western Hill Estates, there was evidence of a number of breakings and enterings in the park over a period of three years, several robberies, reported rapes and other lesser crimes involving trespasses, prowlers and suspicious persons. An expert witness for the appellant opined, based upon his study of depositions, police reports and minutes of homeowners meetings, that there existed a substantial crime rate in the area; that the security patrol in the park was of little or no value and that a security guard should be uniformed and furnished with a visible security vehicle. In sum, the witness testified that the crime involved in the present case was not only foreseeable but was preventable.
Predictably, appellee contradicted much of appellants' evidence regarding the security guard's activities and the occurrence of prior similar criminal activity. Nonetheless, foreseeability and causation are classically jury questions. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Fernandez v. Miami Jai-Alai, Inc., 454 So.2d 1060 (Fla. 3d DCA 1984); Palumbo v. Lil General Stores Corp., 453 So.2d 1170 (Fla. 4th DCA 1984); Winn-Dixie Stores, Inc. v. Johstoneaux, 395 So.2d 599 (Fla. 3d DCA 1981).
We recognize that the physical layout of this particular mobile home park presents a more difficult security situation than a motel, hotel, or tightly secured condominium complex. However, whether appellee measured up to the duty required of it to provide adequate security considering the physical layout of the park and its knowledge of past similar criminal activity in the immediate area is peculiarly a question for the trier of fact rather than the court. Therefore, while we have no quarrel with the directed verdict vis-a-vis the failure to evict Eric Holsworth from his mother's mobile home because the evidence of appellee's knowledge of his presence was insufficient, we believe a mistrial should have been declared and a new trial granted as to the remainder of the case.
REVERSED AND REMANDED.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, J., dissenting.
I dissent because I do not believe the majority has established a legal predicate under Florida law for the existence of a duty by a mobile home park owner to "provide adequate security" to all of the homes within the park.