526 So.2d 1048 (1988)
Stanley LEVITZ, Appellant,
v.
BURGER KING CORPORATION, Appellee.
No. 87-1451.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Anthony J. Scremin, Miami, for appellant.
*1049 James O. Nelson and David L. Willing, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
Appellant Stanley Levitz seeks reversal of a final summary judgment entered in favor of appellee Burger King Corporation. We reverse.
On June 27, 1983, at approximately 12:15 A.M., appellant purchased a drink at a Burger King restaurant drive-through window. Some of the people who were congregating in the restaurant parking lot shouted comments about appellant's car. Thinking that he recognized a person in the group, appellant drove over and stepped out of his car; he was severely injured during an altercation with Richard Darren Sleter. Appellant sued Burger King Corporation to recover damages for injuries he alleged he sustained as a result of Burger King's negligence.[1] Specifically, he contended that Burger King breached its duty to use reasonable care to protect business invitees from the foreseeable danger of an injurious attack occurring on its premises. When Burger King filed a motion for summary judgment, the trial court granted the motion and entered final judgment in Burger King's favor.
"Among the duties owed by the [landowner and business proprietor] to ... a business invitee is the duty to guard against subjecting such invitees to dangers which the [landowner and business proprietor] might have reasonably foreseen. Included among those dangers is a criminal assault by a third party." Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4, 5 (Fla. 3d DCA 1980) (citations omitted), appeal after remand, 454 So.2d 1060 (Fla. 3d DCA 1984); see Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983); Federated Dept. Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984); Admiral's Port Condominium Assoc., Inc. v. Feldman, 426 So.2d 1054 (Fla. 3d DCA), review denied, 434 So.2d 887 (Fla. 1983); School Bd. v. Anderson, 411 So.2d 940 (Fla. 4th DCA 1982); Medina v. 187th Street Apartments, Ltd., 405 So.2d 485, 486 (Fla. 3d DCA 1981); see also Doe v. United States, 718 F.2d 1039 (11th Cir.1983). Burger King's obligations to business invitees depend on whether it has actual or constructive knowledge of prior similar acts and a reasonable opportunity to take precautions against the recurrence of those acts. See Stevens; Green Cos. v. Divincenzo, 432 So.2d 86 (Fla. 3d DCA 1983); Gottschalk v. Smith, 334 So.2d 102, 103 (Fla. 3d DCA), cert. denied, 341 So.2d 1085 (Fla. 1976).
In seeking summary judgment, Burger King contended that it lacked actual or constructive knowledge of the particular risk and had no reasonable opportunity to protect Levitz. Burger King asserted that Levitz failed to present evidence that Burger King had notice of dangerous incidents involving its invitees and thus could not establish that Burger King breached its duty to Levitz. However, appellant submitted depositions and an affidavit which provided sufficient evidence of the existence of unresolved factual issues, including the foreseeability of the attack in the restaurant parking lot, to avert the entry of summary judgment. Drawing every possible inference in favor of the nonmovant, Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966), we conclude that genuine issues of material fact remain for decision. See Meyers v. Ramada Hotel Operating, Inc., 833 F.2d 1521 (11th Cir.1987). Accordingly, we reverse the final summary judgment under review and remand for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Appellant also filed an action against Richard Darren Sleter and his father; they are not parties to this appeal.