540 So.2d 199 (1989)
Jennifer CZERWINSKI, Appellant,
v.
SUNRISE POINT CONDOMINIUM, Appellee.
No. 87-2813.
District Court of Appeal of Florida, Third District.
March 21, 1989.
*200 Anderson, Moss, Russo & Cohen and Thomas M. Sherouse, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for appellee.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.
PER CURIAM.
The appellant, a tenant at Sunrise Point Condominium, was robbed and sexually assaulted on the condominium's premises. Using a ladder from the condominium's unlocked storage room, the intruder entered Czerwinski's apartment through a second-story window. The area surrounding the point of entry was unlit and dense with foliage. This action was brought against Sunrise Point Condominium Association for failure to secure and maintain the premises so as to provide a reasonable degree of safety from the foreseeable criminal acts of third persons. A summary judgment was entered for the Association.
Although the judgment is silent as to the grounds, the issue as framed by the parties is whether, in light of prior criminal acts on the premises, the assault on Czerwinski was a foreseeable act which imposed a duty on the Association to provide adequate security and lighting.
It is undisputed that in the five years preceding the attack on Czerwinski, the Association had actual knowledge of two violent crimes committed in the condominium parking lot  a rape and an armed robbery  and nine apartment burglaries. The Association contends that most of the evidence of prior crimes was not relevant for the reasons that (1) burglary offenses are different in nature from crimes to persons, (2) the violent crimes occurred in the common areas and not in the apartments, and (3) the prior assault, which occurred four years earlier, was too remote in time from the attack on the appellant. The trial court agreed that the prior crimes were insufficient, as a matter of law, to give rise to the foreseeability of the instant criminal act and that the Association, therefore, owed no duty to Czerwinski. We disagree.
A landlord generally has no duty to insure the safety of his tenants or to protect them from the criminal acts of third *201 persons, Ten Assocs. v. McCutchen, 398 So.2d 860, 861 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla. 1981), Highlands Ins. Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), rev. denied, 411 So.2d 382 (Fla. 1981), unless the criminal occurrence is reasonably foreseeable. Admiral's Port Condo. Ass'n, Inc. v. Feldman, 426 So.2d 1054 (Fla. 3d DCA) rev. denied, 434 So.2d 887 (Fla. 1983). In determining whether a duty exists, the landlord's knowledge of prior crimes  against both persons and property  is relevant to the issue of foreseeability, even if the prior criminal acts are lesser crimes than the one committed against the plaintiff. Salerno v. Hard Fin. Corp., 521 So.2d 234 (Fla. 4th DCA 1988) (evidence of lesser crimes relevant to foreseeability of murder); Rosier v. Gainsville Inns Assocs., Ltd., 347 So.2d 1100 (Fla. 1st DCA 1977) (in determining foreseeability of violent crime, landlord's knowledge of illegal entries not involving violence is relevant evidence).
Neither does the law require that the prior crimes occur at the same location, on or about the premises, as the subsequent crime in order to be relevant to the foreseeability of the later crime. Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986) (evidence that the neighborhood was experiencing a substantial number of breaking and enterings was relevant to the foreseeability of sexual attack on tenant); cf. Admiral's Port Condo. Ass'n, 426 So.2d at 1055 (evidence of crimes occurring a substantial distance from landlord's premises not probative of foreseeability).
Further, evidence of a violent sexual assault which occurred on the premises four years earlier is not so remote in time as to be inadmissible on the question of foreseeability. See Deeb, 472 So.2d at 1213 (tenant introduced evidence of crimes occurring in the area over the five-year period preceding attack on tenant).
Where there was a history of crimes occurring on the premises against persons and property, within a five-year span, the trial court erred in ruling that the attack on the appellant was not foreseeable as a matter of law. See Lomillo v. Howard Johnsons Co., 471 So.2d 1296 (Fla. 3d DCA 1985); Medina v. 187th Street Apts., 405 So.2d 485 (Fla. 3d DCA 1981).
REVERSED AND REMANDED.