DANIEL, Judge,
dissenting.
Barbara Harper appeals a final summary judgment in favor of Tuscany Place Condominium Association, Inc. in a negligence action. Ms. Harper contends that the trial court erred in entering summary judgment in favor of the association because there was a question of fact as to whether the criminal assault against her was reasonably foreseeable. I agree and therefore dissent.
The record reflects that in the early morning hours of August 28, 1983, an armed assailant attacked Ms. Harper as she lay sleeping in the back bedroom of her rented condominium at Tuscany Place- Condominiums, located in Winter Springs, Florida. Ms. Harper was sexually assaulted and stabbed several times. Her assailant apparently gained entrance through a locked window in the front bedroom which faced the parking area.
Ms. Harper later filed suit against Tuscany Place Condominium Association, Inc., and others. Ms. Harper alleged that the association had the responsibility of maintaining and controlling the condominiums and that:
TUSCANY PLACE CONDOMINIUM ASSOCIATION, INC., acting through its agents, servants, or employees, did negligently and carelessly create a dangerous and hazardous condition, or knew or should have known that such a condition existed, to-wit: that they failed to provide adequate security for their tenants, or that the Defendant elected to terminate the security guard for the complex, or that insufficient security guard was provided, or that no security guard was provided, or that there was insufficient lighting for the apartment complex, or that the lighting fixtures provided for the complex grounds were not working properly, or that no lighting fixtures were provided for the apartment grounds, or failed to provide a security fence for the premises, or allowed a high grassy area behind or next to the apartment, thereby allowing an armed assailant to gain entrace [sic] to Apartment 1607, and assault, stab and batter the Plaintiff, causing serious and grievous personal injuries and damages to the Plaintiff as herein alleged.
Ms. Harper further alleged that the complex was located in a high crime district where felonious assaults and other violent crimes occur with regularity and that various crimes had occurred in and about the premises of the apartment complex during the months immediately preceding her assault.
The association ultimately moved for the entry of summary judgment in its favor on the basis that, as a matter of law, the association did not have a duty to protect Ms. Harper from criminal attack by persons over whom the association had no control because the criminal activity was not reasonably foreseeable and the association did not have actual or constructive knowledge of any prior similar acts committed upon the premises. In support of its motion, the association submitted the affidavit of Lieutenant Robert Butler, the Winter Springs police officer assigned to *348 investigate the attack on Ms. Harper. Butler stated in an affidavit that:
From January 1, 1983, until the time of the attack on BARBARA COX HARPER on August 28, 1983, there were no re-, ported forceable rapes in the entire city of Winter Springs, Florida. In 1982, there were no rapes reported in the City of Winter Springs, Florida. In 1981, there was only one rape reported in the entire city of Winter Springs, Florida. The area surrounding (by surrounding I mean the contiguous five (5) block area which surrounds and encloses the area known as Tuscany Place Condominiums) and including TUSCANY PLACE CONDOMINIUMS has not ever within the past ten (10) years been an area which has experienced any serious criminal activity. (By serious criminal activity, I am including such crimes as murder, sexual assault, robbery, larceny and aggravated assault.) At the time of the incident in question, the area was not experiencing any serious criminal activity. To my knowledge, the area surrounding Tuscany Place Condominiums has never been an area where violent criminal activity has occurred.
In response to the association’s motion for summary judgment, Ms. Harper submitted a second affidavit taken from Butler in which he stated that prior to August 28, 1983, there had been several incidents involving petit theft, vandalism, burglary, and break-ins in the area surrounding Tuscany Place Condominiums. In entering summary judgment against Ms. Harper, the trial judge concluded there is not enough similarity between the crime of rape, a violent crime to a person, and the crime of burglary, a crime to property, to have made the criminal assault upon Ms. Harper reasonably foreseeable. Accordingly, the judge held that the association had no duty to protect Ms. Harper against the assault.
In my view this was error. In a factually similar situation, one of our sister courts recently stated
A landlord generally has no duty to insure the safety of his tenants or to protect them from the criminal acts of third persons, Ten Assocs. v. McCutchen, 398 So.2d 860, 861 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981), Highlands Ins. Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), rev. denied, 411 So.2d 382 (Fla.1981), unless the criminal occurrence is reasonably foreseeable. Admiral’s Port Condo. Ass’n, Inc. v. Feldman, 426 So.2d 1054 (Fla. 3d DCA) rev. denied, 434 So.2d 887 (Fla.1983). In determining whether a duty exists, the landlord’s knowledge of prior crimes— against both persons and property — is relevant to the issue of foreseeability, even if the prior criminal acts are lesser crimesm than the one committed against the plaintiff. Salerno v. Hart Fin. Corp., 521 So.2d 234 (Fla. 4th DCA 1988) (evidence of lesser crimes relevant to foreseeability of murder); Rosier v. Gainsville Inns Assocs., Ltd., 347 So.2d 1100 (Fla. 1st DCA 1977) (in determining foreseeability of violent crime, landlord’s knowledge of illegal entries not involving violence is relevant evidence).
Czerwinski v. Sunrise Point Condominium, 540 So.2d 199, 200-201 (Fla. 3d DCA 1989). Here there was evidence of crime (albeit lesser in nature) in the area surrounding the condominium presented by Mrs. Harper in opposition to the motion for summary judgment.
Part of the allure of condominium ownership (and certainly a tool or enticement utilized in selling such residential concept) is the “safety in numbers” concept that dates back to the origins of human society when bands of earliest man clustered together in caves for added security. Accordingly, the holding in Czerwinski that, “Where there was a history of crimes occurring on the premises against persons and property, ... the trial court erred in ruling that the attack on the appellant was not foreseeable as a matter of law” is equally applicable here. 540 So.2d at 201. See also Salerno v. Hart Finance Corporation, 521 So.2d 234 (Fla. 4th DCA 1988); Lomillo v. Howard Johnsons Company, 471 So.2d 1296 (Fla. 3d DCA 1985). I *349 would reverse and remand, the cause for further proceedings.