560 So.2d 395 (1990)
Suzanne NEWELL, Appellant,
v.
BEST SECURITY SYSTEMS, INC., and Hollywood Gardens Condominium Association, Appellees.
No. 88-1170.
District Court of Appeal of Florida, Fourth District.
May 2, 1990.
William R. Wicks, III of Nicklaus, Valle, Craig & Wicks, Miami, for appellant.
*396 Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellee, Best Sec. Systems, Inc.
Anthony A. Balasso of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee, Hollywood Gardens Condominium Ass'n.
WARNER, Judge.
This is an appeal from a judgment in favor of a security service company and condominium association on the appellant's claim for damages incurred as a result of a criminal attack on her in the condominium complex. We affirm the directed verdict in favor of the security company but reverse the judgment in favor of the condominium association because the trial court erred in excluding relevant evidence regarding the foreseeability of a criminal attack.
The trial court excluded testimony of a sheriff's deputy regarding prior criminal incidents in the area of the condominium on the basis of Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), finding that the prior incidents were not similar acts. The proffered evidence would have shown that the deputy had apprehended a burglar of a residence directly across the street from the condominium complex and had notified appellee association of the crime.[1] He also testified that other assaults had occurred on the condominium premises, relating one fight which he broke up. A security expert was also called to testify regarding whether or not the security measures employed by the condominium were adequate in light of the criminal activity in the area. This testimony was also excluded. While we agree with the court's exclusion of the expert's testimony on other grounds, striking the testimony of both the expert and the deputy sheriff left the appellant without any evidence on her theory that the condominium association was an actual or constructive notice of reasonably foreseeable similar criminal activity.
The appellee claims that because the prior criminal activities were crimes against property as opposed to crimes against the person, the prior activities were not similar and therefore irrelevant, citing Relyea v. State. We think that is too narrow a reading of Relyea under the facts of this case. The appellee suggests that if appellant had been suing for loss of personal property from a burglary the prior criminal acts may be relevant, but because she sued for personal injuries received during the burglary the evidence of prior burglaries is irrelevant. We think the incongruity of that comparison reveals the weakness of appellee's position on this evidentiary question. The appellant was assaulted during the course of a burglary, and the expert's and the deputy sheriff's testimony concerning prior residential burglaries in the immediate area was relevant to the issue of foreseeability of a burglary occurring in the condominium complex.
Whether or not the injury which occurred is within the scope of danger created by the foreseeable intervening criminal activity is a question of fact for the jury. In Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981), we held:
An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976). If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence *397 of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980).
Since the proffered evidence in this case was relevant to the question of foreseeability of the scope of danger to the appellant, it was error to exclude it. See also Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986).
Salerno v. Hart Finance Corp., 521 So.2d 234 (Fla. 4th DCA 1988) is analogous. In that case a mobile home park resident was murdered, and her estate sued the owner for negligence in failing to provide adequate security to protect the residents from foreseeable criminal activity. The court stated:
The rule in Florida is well established that a landlord has a duty to protect a tenant from reasonably foreseeable criminal conduct. However, in order to impose that duty an injured tenant must prove that the landlord has knowledge of prior similar criminal conduct occurring on the premises. Highlands Ins. Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980). While there was no evidence of prior murders in Western Hill Estates, there was evidence of a number of breakings and enterings in the park over a period of three years, several robberies, reported rapes and other lesser crimes involving trespass, prowlers and suspicious persons. An expert witness for the appellant opined, based upon his study of depositions, police reports and minutes of homeowners meetings, that there existed a substantial crime rate in the area; that the security patrol in the park was of little or no value and that a security guard should be uniformed and furnished with a visible security vehicle. In sum, the witness testified that the crime involved in the present case was not only foreseeable but was preventable.
Predictably, appellee contradicted much of appellants' evidence regarding the security guard's activities and the occurrence of prior similar criminal activity. Nonetheless, foreseeability and causation are classically jury questions. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Fernandez v. Miami Jai-Alai, Inc., 454 So.2d 1060 (Fla. 3d DCA 1984); Palumbo v. Lil General Stores, Corp., 453 So.2d 1170 (Fla. 4th DCA 1984); Winn-Dixie Stores, Inc. v. Johstoneaux, 395 So.2d 599 (Fla. 3d DCA 1981).
Id. at 235. Thus, the evidence of the prior criminal activity including residential burglaries in the surrounding area was relevant and admissible on the issue of foreseeability of criminal attack. Odice v. Pearson, 549 So.2d 705 (Fla. 4th DCA 1989).
The security expert was also expected to testify regarding the propriety of security measures taken in light of the prior criminal activity in the area. The trial court excluded his testimony both because the prior crimes did not include crimes similar to appellant's attack and because it was based on unconfirmed police crime statistics. In this case, the security expert had not consulted the police records of the reported incidents but had relied solely on a police grid breakout. Therefore, he could not even testify that the burglaries he reported were residential burglaries. While the expert's opinion regarding the propriety of security measures would have been admissible given valid underlying data, see Salerno v. Hart Finance Corp., 521 So.2d 234, where the expert's opinion was based on unconfirmed data, and the appellant failed to establish the underlying facts on which it was based, the trial court did not abuse its discretion in refusing to admit the testimony. § 90.705(2), Fla. Stat. (1987); Highlands Insurance Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981).
The appellant also contends that the trial court erred in excluding certain statements regarding burglaries reported in the condominium newsletter. The compiler of the newsletter did not testify, and no evidence was presented as to where or how the information was obtained regarding the burglaries reported in the newsletter. Appellant *398 failed to meet the requirements of section 90.803(6), Florida Statutes (1987), to permit admission of the objectionable statement as a business record. See United States v. Ragano, 520 F.2d 1191 (5th Cir.1975), cert. denied, 427 U.S. 905, 96 S.Ct. 3192, 49 L.Ed.2d 1199 (1976); see Ehrhart, Florida Evidence § 803.6 (2d Ed. 1984).
We find no merit to the remaining points raised. We thus affirm the judgment as to Best Security Systems, but reverse the judgment as to Hollywood Gardens Condominium Association and remand for a new trial.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I concur with the affirmance of the directed verdict in favor of the security company, but dissent as to the reversal of the judgment in favor of the condominium association.
In my view, the majority has simply substituted its judgment for that of the trial court, which should be affirmed.
Appellant Newell argues that the trial court erred in excluding Deputy Sheriff Sagenkahn's testimony that as a former resident of the condominium complex he experienced the following acts of crime: his car was stolen from the complex, someone shot a pellet pistol at his condominium unit, and he caught individuals in the act of stealing lumber across the street from the complex. In Newell's opinion, the trial court's determination that testimony about these incidents was irrelevant because of their remoteness in time and their dissimilarity in nature to the crime at issue, was incorrect. Newell asserts that the trial court's improper ruling was the result of a misconception that the nature of the crime against Newell was an assault when in fact the crime was actually intended to be a burglary. Had the trial court recognized the true nature of the intended offense, Newell argues it then would have seen the relevancy of the deputy sheriff's testimony to the case. Newell claims that in ruling against the admission of the deputy sheriff's testimony, the trial court was persuaded by Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), a case that Newell alleges was disapproved of by the Florida Supreme Court in Avallone v. Bd. of County Comm'rs Citrus County, 493 So.2d 1002, 1005 (Fla. 1986).
A review of the transcript reveals that the trial court did in fact place much reliance on Relyea in making its decision to exclude the deputy sheriff's proffered testimony. The court stated the following:
The ruling of the Court, the witness on proffer has not testified about crimes of a similar nature located in the area or close enough proximity to be of any value. If you determine the ultimate question of what was the event that occurred to this Plaintiff, a foreseeable occurrence for which the Defendant or Defendants should have made provisions and warned against.
The condominium association responds to Newell's arguments by pointing out that the Florida Supreme Court in Avallone did not disapprove of that part of Relyea that held that "in order to impose a duty upon a landowner to protect an invitee from criminal acts of a third person a plaintiff, invitee, must allege and prove that the landowner had actual or constructive knowledge of prior, similar acts committed upon invitees." 385 So.2d at 1383 (emphasis supplied). The condominium association is correct. A reading of Avallone discloses that the portion of Relyea that the Florida Supreme Court took issue with is that portion in which this court found "that the decision not to provide supervisory personnel at government facilities was discretionary and therefore protected by sovereign immunity." 493 So.2d at 1005.
Relyea was a case involving a wrongful death action brought by parents of two Florida Atlantic University students who were assaulted and murdered after leaving a class held in a building located in a remote, outlying area of the university campus. *399 The parents alleged in their complaints that the university was negligent in failing to provide adequate security. In declining to find negligence on the part of the university, this court held that a landowner has no duty to protect an invitee from criminal attacks in the absence of a showing that the landowner had knowledge, actual or constructive, of prior similar criminal acts against its invitees. This court also held that "[w]hether to provide security guards, parking attendants, security gates, and the numbers thereof, are clearly discretionary decisions." 385 So.2d at 1382. It is only this latter holding that was disapproved of by the Florida Supreme Court in Avallone, wherein it was held that a governmental unit has the discretionary authority to operate a swimming facility but once it decides to operate such a facility, it assumes the same obligation as a private individual to operate the facility safely.
The condominium association asserts that the trial court properly excluded the deputy sheriff's testimony as the crimes he was going to testify about were not of a similar nature to the crime in question, and were therefore not material or relevant to the issue of the foreseeability of Newell's assault. Finally, the condominium association points out that even though Newell insists that the crime involved in the case at hand was really intended to be a burglary, the allegations of Newell's complaint plead only an action in negligence for assault and battery.
Having reviewed the cases and the arguments of the parties as to the exclusion of the deputy sheriff's testimony, I am of the opinion that the trial court did not err. It is clear that the deputy sheriff's testimony did not address acts of crimes similar in nature to that which is the subject of the case at hand and thus the trial court could properly find the proffered testimony to be irrelevant and immaterial to the case.
NOTES
[1] The stealing of lumber witnessed by the deputy and mentioned in the dissent is not the same incident as the residential burglary in which the deputy apprehended the suspect, according to the record.