STONE, Judge.
We affirm a final judgment for the plaintiffs. The Riccis recovered a jury verdict against Parke-Davis for negligence in the wrongful delivery of oral contraceptive samples to a women’s clinic. The plaintiffs claimed that the Parke-Davis salesman improperly left samples at the clinic in contravention of the mandate in section 500.152, Florida Statutes, which provides:
500.152 Complimentary drugs; disposition of drugs unsuitable for dispensing.—
(1) No samples or complimentary packages of medicinal drugs as defined in s. 465.031 may be distributed unless requested in writing by a person authorized by law to prescribed or dispense such drugs. The request shall contain the name and quantity of the drug and the name of the company supplying the drug. A copy of the request shall be retained for 2 years by the company supplying the drug.[1]
Upon a review of the record we conclude that it was not error to deny Parke-Davis' motion for a directed verdict. Collins v. Sch. Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985); Plotch v. Gregory, 463 So.2d 432 (Fla. 4th DCA 1985). Donna Ricci suffered a stroke as a result of taking the appellant’s sample pills, which were dispensed to her by a nurse at the clinic without prior examination by a clinic physician. The court instructed the jury that they could consider the defendant’s violation of the statute as evidence of negligence. There was disputed and conflicting evidence concerning the limited extent to which written authorization by a clinic physician was obtained in advance, authorizing the defendant’s salesman to leave samples on the clinic shelves.
Parke-Davis contends that its practice of regularly leaving the samples, even if in contravention of the statute and the company’s own rules, was not the proximate cause of the injury and that it owed no duty to Ricci. Ricci also obtained a prescription, apparently presigned, from the clinic nurse for the same pills, although the testimony showed that the pills taken were the samples and not from the prescription. The jury could conclude from the evidence that Ricci would not have taken the pills had it not been for the defendant’s policy of leaving the samples to be distributed by the clinic personnel with or without a prior *591 written request. There was also evidence that the defendant was on notice that the samples were regularly distributed without a prior examination by a doctor. Ricci demonstrated that she was in the zone of risks reasonably foreseeable by Parke-Davis. Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 350 (Fla.1986); Collins v. Sch. Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985). Cf. Salerno v. Hart Finance Corp., 521 So.2d 234 (Fla. 4th DCA 1988).
Patently, the statute was designed to prevent injury to consumers by this type of distribution. We also found no error or abuse of discretion as to the other issues raised.
AFFIRMED.
ANSTEAD, J., concurs.
WARNER, J., dissents with opinion.

. Section 500.152, although applicable herein, was repealed subsequent to this case by Laws 1982, c. 82-225, § 38, effective Oct. 1, 1982. But see § 499.023.