STONE, Judge,
dissenting.
I would affirm the summary judgment entered in favor of the defendant/landlord in this action arising out of a sexual battery committed on the appellant/tenant in her apartment. The tenant essentially alleged that a dangerous condition existed in the neighborhood and that the landlord was on notice of the danger by virtue of other crimes committed within a four to twelve block radius and of certain unsavory, although nonviolent, conduct that occurred in the apartment of another tenant. The other tenant was a snake-tattooed, nude dancer who kept a seven to eight foot pet boa constrictor. The apartment was evidently the site of fights and other types of disorderly conduct, none of which involved an arrest.
Upon a review of the record, the trial court properly concluded that “the criminal conduct alleged ... was not foreseeable,” and that:
Defendant has proved that Plaintiff cannot prove that any criminal acts similar to that of which the Plaintiff was a victim had occurred in a geographical area sufficiently close to Defendant’s apartment building within such a recent time as would cause a reasonable person with that knowledge to infer that it was likely that the Plaintiff would be victim of the type of criminal acts that caused her harm and that the Defendant either actually knew of such prior crimes or that the Defendant should have known of the prior crimes, the actual or constructive knowledge of which is being used to charge the Defendant with the inferred knowledge of Plaintiff’s potential danger.
In my judgment, the authorities relied on by the majority are inapposite. Here, the evidence[1] is insufficient to demonstrate that the likelihood of a rapist breaking into the plaintiff’s apartment, through a window intentionally left open by the plaintiff, was reasonably foreseeable.
Clearly, a landlord may be liable for negligence in failing to protect a tenant from exposure to the risk of criminal conduct by third parties where such conduct is preventable and reasonably foreseeable. Newell v. Best Sec. Sys., Inc., 560 So.2d 395 (Fla. 4th DCA 1990). Foreseeability is generally an issue to be resolved by the jury. Cf. Salerno v. Hart Finance Corp., 521 So.2d 234 (Fla. 4th DCA 1988). In this case, however, insufficient evidence exists to impute knowledge of similar crimes in *978 the immediate vicinity[2] to support a decision that the plaintiffs injury was foreseeable and preventable. Cf. Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), overruled on other grounds, Avallone v. Bd. of County Comm’rs of Citrus County, 493 So.2d 1002 (Fla.1986).

. The record reflects police "incident” reports covering all official complaints for this complex and within a four block surrounding area for the prior two years (approximately). During that time there were 354 reports of which twenty-five were from this complex, including landlord/tenant disputes. Twenty-two of these were deemed non-criminal (sixteen involved one person who was subsequently Baker acted). Of the other three, one was this incident, the other two, six months earlier, involved a burglary and a theft from an automobile.
Of the remaining 329 police reports of crime in the neighborhood, occuring off these premises, fifty-one were non-criminal and sixty-four were residential crimes only involving property. There were also two simple assaults (one in a landlord-tenant dispute and the other domestic) and an attempted robbery involving an intoxicated victim. The remainder of the incident reports all occurred in a nearby commercial neighborhood although the crimes in this group did include two robberies (one involving an elderly woman) and eight simple assault and batteries which were either domestic or employer-employee related. There was also an assault and battery on a juvenile in a nearby park.

. The plaintiff also introduces evidence of incidents in other neighborhoods farther removed from the immediate vicinity of the premises, up to twelve blocks. However, the trial court, in my judgment properly, considered only those reported incidents of a similar nature occuring in the geographical area sufficiently related to the plaintiffs apartment building and within such a time period as would cause a reasonable person with that knowledge to be placed on notice of the potential danger. Certainly it cannot be contended that every landlord within up to twelve blocks of a part of town in which numerous criminal incidents occur is thereby placed on sufficient notice to impose a greater duty on that landlord to protect tenants against assaults by third parties than that imposed on some other landlord a few blocks further away. Additionally, although apparently not considered by the authorities reviewed, it seems to me to be against public policy that the law should impose a greater liability on those landlords supplying housing to those economically forced to reside closer to our inner cities than to those in, for lack of a more descriptive term, "better" class neighborhoods.